GARY M. RESTAINO
United States Attorney
District of Arizona
SARAH B. HOUSTON
Assistant U.S. Attorney
Arizona State Bar No. 026691
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: sarah.houston@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 23-00196-JAS-MSA |
|---|---|
| Plaintiff, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| vs. | |
| Jillian Maney, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for April 8, 2024.

**Presentence Report Calculations**

The presentence report (PSR) identifies a total offense level of 15 and a criminal history category I for the defendant resulting in a sentencing guideline range of 18 to 24 months. The government agrees with these calculations. Under the plea agreement, the defendant's sentence cannot exceed the bottom of the applicable guideline range.

**Sentencing Factors**

Title 18 U.S.C. § 3553(a) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of

the defendant." The sentence imposed shall reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. §3553(a)(2). The sentence shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

The defendant purchased two firearms and attempted to purchase three additional firearms. When completing the federally required paperwork, she falsely represented her address. False representations on thesis forms can bypass the safeguards of the National Instant Background Check System (NICS). Additionally, the defendant was being assisted in these purchases by a person whom she knew was a convicted felon who could not legally possess firearms. The defendant also had reason to believe that the firearms would be possessed by that convicted felon after she purchased them. In fact, the convicted felon was later arrested while in possession of one of the firearms only four days after the defendant purchased it.

The defendant has a serious substance abuse issue. Her unwillingness to participate in an inpatient treatment program is concerning given the severity of her use. Until she is able to comprehensively address her substance abuse and mental health, she will remain at a higher risk to re-offend. Her own safety and well-being will also be at risk until those conditions are appropriately managed.

Given this, the defendant's history of misdemeanor convictions and arrests, her pending felony charges in state court, her poor performance on pretrial release, and the seriousness of the offense, a term of imprisonment is appropriate.

//

//

//

**Recommendation**

The United States agrees with the reasoning and recommendation in the PSR and respectfully requests that the Court impose a sentence of 12 months followed by 36 months of supervised release. Such a sentence would be consistent with § 3553(a) factors. It would reflect the seriousness of the offense, promote respect for the law, and deter the defendant from committing further crimes.

Respectfully submitted this 1st day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Sarah B. Houston*

SARAH B. HOUSTON
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 1st day of April, 2024, to:

All ECF Participants